UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| MAGNA DONNELLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 07-10688 |
| | ) | Honorable Victoria A. Roberts |
| 3M COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### 3M'S EMERGENCY MOTION FOR CONTEMPT AND SANCTIONS

Defendant 3M Company ("3M") respectfully moves for entry of an expedited Order for contempt by Plaintiff Magna Donnelly ("Donnelly") for violating the Court's Scheduling Order (Dkts. 25 & 26) and for appropriate sanctions. In support of this motion, 3M states the following:

1.      On December 21, 2011, the Parties were required to exchange Proposed Interpretations of the disputed claim terms. Dkt. 26 ¶ 7. Specifically, the Parties were required to exchange a chart "that lists for each disputed claim term the party's proposed interpretation . . . along with citations to the intrinsic or extrinsic evidence that supports its interpretation along with a summary of any testimony that is expected to be offered to support that interpretation." Dkt. 25 at 15 ¶ 2.

2.      On December 21, 2011, Donnelly submitted its Proposed Construction of Disputed Claim Terms, but Donnelly's chart of claim terms did not identify any proposed claim constructions of the disputed 13 claim terms, and Donnelly did not cite to any evidence in

support of any such claim constructions. Donnelly did not otherwise disclose any proposed claim constructions of any claim terms to 3M.

3. On February 9, 2012, Donnelly submitted an "Amended" Proposed Construction of Disputed Claim Terms in which Donnelly amended its chart to provide proposed claim constructions, for the first time, of 11 of the 13 disputed claim terms. Donnelly also, for the first time, provided citations to supporting evidence in its amended chart.

4. On February 9, 2012, Donnelly filed its opening claim construction brief. Dkt. 54. In that brief, Donnelly relied on the proposed constructions and evidence disclosed for the first time in its Amended proposed constructions.

5. Civil contempt is established by clear and convincing evidence that the respondent "violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Liberte Capital Group, LLC v. Capwill*, 462 F.3d 543, 550-51 (6th Cir. 2007) (quoting *Glover v. Johnson*, 934 F.2d 703, 707 (6th Cir. 1991)). Violation of a court's scheduling order may give rise to a finding of contempt. *Harshaw v. Bethany Christian Servs.*, 2010 U.S. Dist. LEXIS 79454, *4-5 (W.D. Mich. Aug. 5, 2010); *see also Shumaker v. Allstate Ins. Co.*, 2011 U.S. Dist. LEXIS 51728, *3 (E.D. Tenn. May 12, 2011).

6. Upon a finding of contempt, "[t]he district court has inherent authority to fashion the remedy for contumacious conduct." *Capwill*, 462 F. 3d at 557 (dismissing suit); *see also Williamson v. Recovery L.P.*, 2012 U.S. App. LEXIS 1256, *36 (6th Cir. Jan. 20, 2012) ("The district court had broad discretion to fashion an appropriate remedy for Defendants' contempt.").

7.    Donnelly violated the clear and specific requirements of the Court's Scheduling Order, and Donnelly never took steps to modify the Scheduling Oder under Fed. R. Civ. P. 16 or otherwise.  Donnelly is in contempt and should be sanctioned.

Pursuant to L.R. 7.1(a), counsel for 3M conferred with counsel for Donnelly in which counsel for 3M explained the nature of this motion, its legal bases, and requested concurrence in the relief sought.  Donnelly did not agree.  For the reasons stated in this motion and in 3M's accompanying memorandum in support of its motion to for contempt, the Court should grant 3M's motion.

WHEREFORE, 3M respectfully requests that the Court grant its motion and enter an Order sanctioning Donnelly as follows:

1.    Barring Donnelly from relying on any proposed claim constructions as to the 13 disputed claim terms and supporting evidence not disclosed in its Proposed Construction of Disputed Claim Terms served on December 21, 2011;

2.    Striking any portion of Donnelly's claim construction brief that relies on any proposed claim constructions and supporting evidence not disclosed in its Proposed Construction of Disputed Claim Terms served on December 21, 2011, as proposed in Exhibit 6 to 3M's Memorandum; and

3.    Requiring 3M to respond only to the non-stricken portions of Donnelly's opening claim construction brief.

Respectfully submitted,

/s/Aaron M. Staser

BARNES & THORNBURG LLP
Felicia J. Boyd
225 South Sixth Street, Suite 2800
Minneapolis, MN 55402
Telephone:  (612) 333-2111
fboyd@btlaw.com

Donald E. Knebel
Deborah Pollack-Milgate
Aaron M. Staser
Michael R. Brunelle
11 South Meridian Street
Indianapolis, IN 46204-3535
Telephone: (317) 236-1313
dknebel@btlaw.com
dpollackmilgate@btlaw.com
astaser@btlaw.com
mbrunelle@btlaw.com

JAFFE, RAITT, HEUER & WEISS PC
Jeffrey G. Heuer (P14925)
Peter M. Falkenstein (P61375)
27777 Franklin Road, Suite 2500
Southfield, MI  48034
Telephone:  (248) 351-3000
jheuer@jaffelaw.com
pfalkenstein@jaffelaw.com

*Attorneys for Defendant 3M Company*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| MAGNA DONNELLY, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 07-10688 |
| | ) | Honorable Victoria A. Roberts |
| 3M COMPANY, | ) | |
| | ) | |
|     Defendant. | ) | |
| | ) | |

**3M'S MEMORANDUM IN SUPPORT OF
EMERGENCY MOTION FOR CONTEMPT AND
SANCTIONS**

<table>
<tr><td>

BARNES & THORNBURG LLP
Felicia J. Boyd
225 South Sixth Street, Suite 2800
Minneapolis, MN 55402
Telephone:  (612) 333-2111
fboyd@btlaw.com

Donald E. Knebel
Deborah Pollack-Milgate
Aaron M. Staser
Michael R. Brunelle
11 South Meridian Street
Indianapolis, IN 46204-3535
Telephone: (317) 236-1313
dknebel@btlaw.com
dpollackmilgate@btlaw.com
astaser@btlaw.com
mbrunelle@btlaw.com

</td><td>

JAFFE, RAITT, HEUER & WEISS PC
Jeffrey G. Heuer (P14925)
Peter M. Falkenstein (P61375)
27777 Franklin Road, Suite 2500
Southfield, MI  48034
Telephone:  (248) 351-3000
jheuer@jaffelaw.com
pfalkenstein@jaffelaw.com

*Attorneys for Defendant 3M Company*

</td></tr>
</table>

# TABLE OF CONTENTS

I.  INTRODUCTION ........................................................................................... 1

II.  FACTUAL BACKGROUND ........................................................................ 2

    A.  The Court Required Early Disclosures of Disputed Claim Terms, Claim Construction Positions, and Supporting Evidence ..................................... 2

    B.  Donnelly's Submission of Proposed Claim Constructions and Evidence Was Untimely. ......................................................................................... 5

    C.  Remaining Claim Construction Deadlines ................................................. 5

III.  ARGUMENT ............................................................................................... 5

    A.  Applicable Law ........................................................................................ 5

    B.  Donnelly Violated the Court's Clear and Specific Scheduling Order. ....... 6

    C.  To Remedy Donnelly's Contempt, Donnelly Should Be Barred from Relying on Its Untimely Proposed Constructions and Supporting Evidence. .................................................................................................. 8

        1.  Donnelly's failure to comply with the Court's Scheduling Order has prejudiced both the Court and 3M. ........................................................ 8

        2.  The Court should sanction Donnelly by barring Donnelly from relying on its late disclosures and striking the portions of Donnelly's claim construction brief that rely on the untimely proposed claim constructions and supporting evidence ...................................................................... 10

i

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824 (6th Cir. 2005) ........................ 7

*Clarksville-Montgomery County School System v. U.S. Gypsum Co.*, 925 F.2d 993 (6th Cir. 1991) ........................................................................................... 11, 12

*Constant Compliance, Inc. v. Emerson Process Mgmt. Power & Water Solutions, Inc.*, 598 F. Supp. 2d 842 (N.D. Ill. 2009) ........................................................... 11, 12

*Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899 (6th Cir. 2006) ................................. 12

*Glover v. Johnson*, 934 F.2d 703 (6th Cir. 1991) ........................................................ 5, 6

*Harshaw v. Bethany Christian Serv.*, 2010 U.S. Dist. LEXIS 79454 (W.D. Mich. Aug. 5, 2010) ....................................................................................................... 6, 7

*Info. Tech Innovation, LLC v. Motorola, Inc.*, 391 F. Supp. 2d 719 (N.D. Ill. 2005) ....................................................................................................................... 11

*Liberte Capital Group, LLC v. Capwill*, 462 F.3d 543 (6th Cir. 2007) ........................ 5, 6

*Shumaker v. Allstate Insurance Co.*, 2011 U.S. Dist. LEXIS 51728 (E.D. Tenn. May 12, 2011) ............................................................................................................. 6

*Spansion, Inc. v. ITC*, 629 F.3d 1331 (Fed. Cir. 2010) .................................................... 9

*Williamson v. Recovery L.P.*, 2012 U.S. App. LEXIS 1256 (6th Cir. Jan. 20, 2012) ......................................................................................................................... 6

## FEDERAL STATUTES

Fed. R. Civ. P. 16 ............................................................................................................. 7

## INDEX OF EXHIBITS

| Exhibit No. | Description |
|:---:|:---|
| 1 | Email correspondence between counsel for 3M and counsel for Donnelly regarding disputed claim terms and proposed claim constructions |
| 2 | 3M's Proposed Interpretations of Disputed Claim Terms |
| 3 | 3M's Amended Proposed Interpretations of Disputed Claim Terms (redline version, as provided to counsel for Donnelly) |
| 4 | Donnelly's Proposed Construction of Disputed Claim Terms |
| 5 | Donnelly's Amended Proposed Construction of Disputed Claim Terms |
| 6 | Modified Version of Donnelly's Memorandum in Support of Its Proposed Claim Construction, proposing striking of untimely proposed constructions and evidence |

## STATEMENT OF ISSUES

1.  Did Donnelly violate the Court's Scheduling Order, Dkts. 25 and 26, by failing to disclose its proposed claim constructions and supporting evidence on December 21, 2011 as required, and instead submitting proposed claim constructions and supporting evidence for the first time on February 9, 2012, such that a finding of contempt is proper?

    Defendant 3M answers yes.


2.  Should the Court remedy Donnelly's violation of the Court's Scheduling Order by barring Donnelly from relying on untimely disclosed proposed claim constructions and supporting evidence?

    Defendant 3M answers yes.


3.  Should the Court strike arguments based on untimely disclosed proposed claim constructions and supporting evidence from Donnelly's opening claim construction brief such that 3M is not be required to respond to those arguments in 3M's responsive claim construction brief?

    Defendant 3M answers yes.

## STATEMENT OF CONTROLLING AUTHORITY

The relief sought by 3M through its Motion for Contempt and Sanctions is governed by this Court's Scheduling Order, Dkts. 25 and 26, which sets forth the duties of the parties to disclose their respective positions on claim construction and supporting evidence.

## I.   INTRODUCTION

Despite the fact that Plaintiff Magna Donnelly Corporation ("Donnelly") brought this infringement action against Defendant 3M on products that have been in the marketplace since at least 1995, it continues to refuse to engage in the process negotiated by the parties and ordered by the Court in favor of a hide-the-ball litigation strategy. The Court is already familiar with Donnelly's approach in this regard; recently, the Court ruled in favor of 3M on its motion to compel by ordering that, *inter alia*, Donnelly must provide 3M with Donnelly's infringement theories in order to comply with the Court's Scheduling Order. Dkt. 53.

Remarkably, Donnelly continues to disobey the same Scheduling Order. For weeks, Donnelly refused to provide 3M with any disputed terms, proposed claim constructions, or supporting evidence as to disputed terms brought to Donnelly's attention under the procedures set forth in the Court's Scheduling Order. 3M repeatedly asked Donnelly to provide any terms it might dispute and to propose constructions for the terms disputed by 3M, but Donnelly refused. More than seven weeks *after* the December 21, 2011 deadline to do so, Donnelly finally provided its proposed constructions of 11 of the 13 disputed claim terms, and Donnelly, for the first time, cited supporting evidence. Donnelly made these untimely disclosures on the same day that its opening claim construction brief was due. Donnelly then relied on its untimely proposed claim constructions and supporting evidence in its claim construction brief.

Donnelly's actions are in direct contradiction to the Court's Scheduling Order. 3M was entitled to this information seven weeks ago to facilitate the meet and confer process concerning disputed terms and to allow 3M to formulate claim construction strategy on equal footing with Donnelly. Instead, only 3M provided proposed terms, proposed constructions, and supporting evidence in timely fashion.

Accordingly, 3M seeks a contempt order for Donnelly's clear violation of the Court's Scheduling Order.  In fashioning a remedy for Donnelly's contempt, 3M requests the Court to bar Donnelly from relying on its untimely proposed claim constructions and supporting evidence and that the Court strike Donnelly's claim construction brief to the extent it relies on these late disclosures.

3M has requested emergency relief in its motion because its response to Donnelly's claim construction brief is due March 1, 2012, and 3M believes that the Court's remedy for Donnelly's contempt will have a substantial impact on the scope of 3M's responsive brief.  3M further seeks review of this motion on an emergency basis so that the Court is able to conduct the claim construction hearing as scheduled on May 8, 2012.  3M is eager to resolve claim construction in this matter to facilitate resolution of this case.

## II.    FACTUAL BACKGROUND

### A.    The Court Required Early Disclosures of Disputed Claim Terms, Claim Construction Positions, and Supporting Evidence.

The Court's Scheduling Order (Dkts. 25 & 26), sets forth clear and specific requirements and deadlines for the claim construction process.

On December 7, 2011, the parties were required to confer to determine which claims may need to be construed by the Court in order to make an Initial Identification of Disputed Claim Terms.  Dkt. 25 at 15 ¶ 1; Dkt. 26 ¶ 6.  3M initially identified 21 terms potentially in dispute and requiring construction by the Court to the extent the parties could not subsequently agree on proposed interpretations.  Ex. 1 at 3 (Dec. 7 email).  Donnelly provided no disputed claims terms and merely asserted that each of the claim terms in the patent was entitled to its "plain and ordinary" meaning, such that no claim construction was necessary.  *Id.*

2

Despite the fact that Donnelly was refusing to offer proposed claim constructions, 3M remained hopeful that at least some disputes on the terms 3M had put forward could be narrowed or resolved under the claim construction procedures set forth in the Court's Scheduling Order. *Id.* And even though Donnelly did not engage in the process, on December 20, 2011, 3M unilaterally withdrew eight claim terms for consideration and narrowed its list to 13 disputed claim terms. Ex.1 at 1-2.

On December 21, 2011, the parties were required to exchange Proposed Interpretations of the disputed claim terms. Dkt. 26 ¶ 7. Specifically, the Scheduling Order required the parties to exchange a chart "that lists for each disputed claim term the party's proposed interpretation . . . along with citations to the intrinsic or extrinsic evidence that supports its interpretation along with a summary of any testimony that is expected to be offered to support that interpretation." Dkt. 25 at 15 ¶ 2.

On December 21, 2011, 3M provided its Proposed Interpretations of Claim Terms, which included the required chart analyzing the 13 disputed claim terms. 3M's document is attached hereto as Exhibit 2. 3M's chart proposes claim constructions for each disputed term and provides detailed supporting citations to the intrinsic evidence, as required.[1]

On December 21, 2011, Donnelly, disregarding the fact that 3M had already withdrawn eight claim terms, submitted its Proposed Construction of Disputed Terms with a chart concerning the original 21 claim terms in dispute. Donnelly's document is attached hereto as Exhibit 4. Donnelly's chart does nothing more than set forth the language of each disputed claim

---

[1] On February 3, 2012, 3M served Amended Proposed Interpretations of Claim Terms, which is attached hereto as Exhibit 3. This red-line version was served on Donnelly to highlight the limited changes to this document, which does not add proposed constructions for any claim terms or supporting evidence. Rather, a proposed limitation is *eliminated* to be consistent with the intrinsic evidence.

3

term along with a recitation that such term should be given its "plain and ordinary" meaning. Despite the fact that 3M had cautioned Donnelly regarding the insufficiency of relying on "plain and ordinary" meaning without actually providing a proposed construction as to a disputed claim term (even if it is just to say what the plain and ordinary meaning is) (Ex. 1 at 3), Donnelly refused to provide *any* proposed constructions of the 13 disputed claim terms. Ex. 4. Moreover, Donnelly did not provide *any* citations to intrinsic or extrinsic evidence in support of its nonexistent constructions. In fact, Donnelly did not even provide a column in its chart that would allow for identification of any supporting evidence. *Id.* (compare with 3M's chart at Ex. 2 (citing extensively to supporting evidence)).

After receiving Donnelly's "Proposed Constructions" (Ex. 4), counsel for 3M again noted Donnelly's deficiencies in failing to actually provide any proposed constructions of the 13 disputed claim terms 3M had provided. Ex. 1 at 1.

On January 10, 2012, the parties were required to make their Final Identification of Disputed Claim Terms. Dkt. 26 ¶ 9. This Identification required the parties meet and confer to "attempt to narrow and finalize the claim terms that need to be interpreted by the Court." Dkt. 25 at 15 ¶ 3. The parties conducted this conference, but Donnelly refused to agree to any of 3M's proposed constructions despite the fact that Donnelly had not offered any proposed constructions of its own. Thus, all 13 claim terms identified by 3M remained in dispute.

On January 26, the night before the Technology Tutorial, the Court requested that the parties submit and file (on January 27) their Final Identification of Disputed Claim Terms. 3M complied by identifying the 13 disputed terms for which 3M had provided proposed constructions and evidence to Donnelly. Compare Dkt. 52 with Ex. 2. Donnelly, meanwhile, did not submit anything to the Court.

**B.    Donnelly's Submission of Proposed Claim Constructions and Evidence Was Untimely.**

On February 9, 2012, Donnelly was required to submit its claim construction brief.  Dkt. 26 ¶ 11.  On that same day, but before filing its brief, Donnelly served its "Amended" Proposed Construction of Disputed Terms, which is attached hereto as Exhibit 5.  For the first time, Donnelly proposed constructions of 11 of the 13 disputed claim terms.  Moreover, Donnelly added an entirely new column to its chart entitled "Magna's Support" in which Donnelly, for the first time, cited to evidence, mainly extrinsic, in support of its proposed constructions.  *Id.*

Later that day, Donnelly filed its claim construction brief (Dkt. 54).  In that brief, Donnelly argued that the Court should alternatively adopt its proposed claim constructions disclosed to 3M for the first time on February 9, 2012.  Donnelly also submitted Exhibits C through Y in support of its claim construction brief, which, before February 9, Donnelly had never either referenced or disclosed to 3M as having any relevance to the claim construction process.

**C.    Remaining Claim Construction Deadlines**

3M is required to file its responsive claim construction brief by March 1, 2012.  Dkt. 26 ¶ 12.  Donnelly's deadline to file its reply brief is March 15, 2012.  Dkt. 26 ¶ 12.  The Court has scheduled the Claim Construction Hearing for May 8, 2012.  Dkt. 26 ¶ 14.

**III.    ARGUMENT**

**A.    Applicable Law**

The movant in a civil contempt proceeding bears the burden of proving by clear and convincing evidence that the respondent "violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order."  *Liberte Capital Group, LLC v. Capwill*, 462 F.3d 543, 550-51 (6th Cir. 2007)

(quoting *Glover v. Johnson*, 934 F.2d 703, 707 (6th Cir. 1991)). The Sixth Circuit further "requires that the prior order be 'clear and unambiguous' to support a finding of contempt" and that "[a]mbiguities must be resolved in favor of the party charged with contempt." *Id.* (citations omitted). Violation of a court's scheduling order may give rise to a finding of contempt. *Harshaw v. Bethany Christian Servs.*, 2010 U.S. Dist. LEXIS 79454, *4-5 (W.D. Mich. Aug. 5, 2010); *see also Shumaker v. Allstate Ins. Co.*, 2011 U.S. Dist. LEXIS 51728, *3 (E.D. Tenn. May 12, 2011). Upon a finding of contempt, "[t]he district court has inherent authority to fashion the remedy for contumacious conduct." *Capwill*, 462 F. 3d at 557 (dismissing suit); *see also Williamson v. Recovery L.P.*, 2012 U.S. App. LEXIS 1256, *36 (6th Cir. Jan. 20, 2012) ("The district court had broad discretion to fashion an appropriate remedy for Defendants' contempt.").

### B.   Donnelly Violated the Court's Clear and Specific Scheduling Order.

The Court's Scheduling Order is clear and specific in its requirement that Donnelly had to disclose its proposed claim constructions and supporting evidence on or before December 21, 2011. Donnelly, however, did not submit any proposed claim constructions, nor did it identify any supporting evidence in its December 21 disclosure. Ex. 4. Instead, Donnelly contended that no claims, including the 13 disputed terms identified by 3M, needed to be construed, offered no proposed interpretations, and did not even have a column in its chart for citations to any pertinent evidence. *Id.* Donnelly took this position despite the fact that it agreed to the requirements of the claim construction process in the Court's Scheduling Order (*see* Dkt. 25), and despite the fact that 3M repeatedly warned Donnelly that it was required to propose constructions of the disputed claim terms (Ex. 1). In short, Donnelly was unequivocal in its position that it was not going to offer any disputed claim terms of its own or any proposed claim constructions or supporting

evidence during the claim construction phase, despite its knowledge of the clear requirements of the Scheduling Order.  Instead, Donnelly would rely on "plain and ordinary" meaning as such, whatever that might mean.

Then, apparently acknowledging its own failings and having long had 3M's constructions and evidence in hand, Donnelly chose to hide its proposed constructions and supporting evidence until February 9, 2012, which was the very same day it was required to file its claim construction brief, but was more than *seven weeks* after the Court's deadline.  These untimely attempts, however, only serve to underscore Donnelly's violation of the Court's Scheduling Order, which required Donnelly to provide this information by December 21.  Despite missing the long-expired deadline, Donnelly did not discuss its proposed claim constructions with 3M or move the Court under Fed. R. Civ. P. 16 to modify the Scheduling Order to permit late disclosures of proposed claim construction or supporting evidence.  *E.g.*, *Harshaw*, 2010 U.S. Dist. LEXIS 79454, *21 ("*Federal Rule of Civil Procedure 16(b)* provides that a scheduling and case management order 'shall not be modified except upon a showing of good cause and by leave of the district judge . . . .'; noting that, "'[t]he primary measure of *Rule 16*'s good cause standard is the moving party's diligence in attempting to meet the case management order's requirement.'") (citing *Andretti v. Borla Performance Indus., Inc.,* 426 F.3d 824, 830 (6th Cir. 2005)).

In short, the requirements of the Court's Scheduling Order are clear, specific, and unambiguous; Donnelly's knowledge of its obligations is indisputable; and Donnelly's failure to provide its proposed claim constructions and supporting evidence by the deadline is a clear violation of the Court's Scheduling Order.  Donnelly's decision to hide its real claim construction positions and supporting evidence until February 9 amounts to contempt of the

Court's Scheduling Order under the plain letter of the law. All that remains for the court is to fashion the appropriate remedy.

C.   **To Remedy Donnelly's Contempt, Donnelly Should Be Barred from Relying on Its Untimely Proposed Constructions and Supporting Evidence.**

1.   Donnelly's failure to comply with the Court's Scheduling Order has prejudiced both the Court and 3M.

3M does not bring Donnelly's contempt to the Court in an attempt to tag Donnelly with a mere technical violation of the Court's Scheduling Order. Rather, Donnelly's misconduct in this regard, which is indicative of Donnelly's broader hide-the-ball strategy in this case that has already resulted in one compel order (Dkt. 53), has been blatant. This misconduct has a prejudicial impact on the streamlining of claim construction issues to the Court, and on 3M's ability to respond to Donnelly's claim construction positions.

As to prejudice to the Court, had Donnelly submitted its proposed constructions and supporting citations in December as required by the Scheduling Order, 3M and Donnelly might have come to an agreement prior to briefing as to the scope of several disputed terms. Furthermore, the parties could have submitted joint proposed claim constructions, or even removed certain terms for consideration, through the meet and confer process required by the Court's Scheduling Order and referenced in correspondence from 3M to Donnelly. *See* Ex. 1. This process, however, was thwarted by Donnelly's refusal to provide its proposed constructions in a timely fashion.

For example, as to the term "windshield," it was not clear whether Donnelly would contend "windshield" as used in the claims encompassed structure other than the windshield used *on an automobile*. Thus, 3M put Donnelly on notice of the potential dispute by disclosing the term on December 7 and then advancing its proposed construction of the term on December

8

21.   Rather than discuss the merits of 3M's proposed construction during the meet and confer process, Donnelly remained insistent that "windshield" (as well as each of the other terms put at issue by 3M) need not be construed.   Donnelly, meanwhile, did not bother to inform 3M that Donnelly's eventual position would be that the term "windshield" is no broader than the windshield of an automobile.   Nor did Donnelly bother to tell 3M with which aspects of 3M's proposed construction Donnelly took issue.   Had Donnelly simply participated in the claim construction process contemplated by the Court's Scheduling Order, 3M is confident that the parties could have reached agreement prior to briefing this term and, perhaps, several other claim terms for which the parties now offer similar constructions (e.g., modulus of elasticity, substantially cured adhesive, and epoxy resins).

Because of Donnelly's violations of the Scheduling Order, however, these terms remain disputed.   To the extent Donnelly is allowed to argue in support of its untimely proposed constructions, the Court, unfortunately, will be forced to resolve disputes that probably could have been resolved during the already expired meet and confer period.   The time for resolution by the parties has passed, however, as Donnelly has already submitted these terms to the Court, and 3M's attention is now focused on preparing its responsive claim construction brief.

As to the prejudice to 3M, Donnelly has rigged the claim construction process in its favor by denying 3M sufficient opportunity to consider Donnelly's proposed constructions and supporting evidence in order to identify arguments, evidence, or, perhaps, hire experts to respond to Donnelly's proposed constructions and evidence.   In fact, Donnelly's exhibits to its claim construction brief focus nearly exclusively on extrinsic evidence, which often implicates expert testimony.   *E.g.*, *Spansion, Inc. v. ITC*, 629 F.3d 1331, 1343 (Fed. Cir. 2010) ("While claim construction primarily relies on intrinsic evidence, extrinsic evidence, such as expert testimony,

9

may also be used when given the appropriate weight by the trial court."). Under the Court's Scheduling Order, 3M should have had this information on December 21, 2011. Donnelly's disclosure on December 21, 2011 (Ex. 4), however, provided no proposed constructions and no supporting evidence. Donnelly, meanwhile, received 3M's proposed constructions and detailed evidence on December 21, and has had weeks to consider 3M's positions.

Donnelly has circumvented the *quid pro quo* nature of the simultaneous disclosure that was required by the Court's Scheduling Order. Donnelly's hide-the-ball strategy violates the Court's Scheduling Order and, without appropriate remedy by the Court, would place 3M at a significant disadvantage.

> 2. <u>The Court should sanction Donnelly by barring Donnelly from relying on its late disclosures and striking the portions of Donnelly's claim construction brief that rely on the untimely proposed claim constructions and supporting evidence.</u>

3M seeks a remedy that will mitigate the prejudice caused by Donnelly's contempt. As discussed above, the Court's time is wasted by having to consider disputes over claim terms that might have been resolved prior to briefing. Meanwhile, 3M is prejudiced by having to respond to proposed constructions and evidence without having the time to which it was entitled under the Court's Scheduling Order to consult experts or other resources to criticize Donnelly's proposed constructions and evidence.

It is important to first note that an extension of the Claim Construction Schedule to allow 3M more time to respond to Donnelly's untimely disclosures is not an acceptable remedy at this late stage. 3M believes that this case will be largely resolved after the Court's claim construction ruling; thus, 3M is eager to present its claim construction case to the Court. 3M has been selling the accused products since the mid-1990's, and Donnelly has known about them all along. Simply put, 3M is entitled to put this case in a position for expedited resolution given Donnelly's

extreme delay in bringing suit.  Any sanction that delays the claim construction process and, therefore, resolution of this case, would serve only to punish 3M and would reward Donnelly for its hide-the-ball approach to this litigation.

Therefore, 3M proposes that the Court sanction Donnelly by barring it from relying on its untimely proposed constructions and supporting evidence, which would require striking Donnelly's opening claim construction brief to the extent it relies on its proposed constructions and evidence.  3M has attached hereto as Exhibit 6 a proposed revision of Donnelly's brief that strikes references to Donnelly's untimely proposed constructions and untimely disclosed supporting evidence.  3M's responsive brief would therefore address only the non-stricken portions of the brief.

This proposed remedy would minimize the prejudice caused by Donnelly's violation of the Court's Scheduling Order and would be consistent with principles of waiver based on Donnelly's failure to raise its proposed constructions at the proper time.  Accordingly, the Northern District of Illinois recently stated that "[i]t should come as no surprise, then, that a [party]'s failure to respond to [another party's] proposed claim constructions can constitute a waiver."  *Constant Compliance, Inc. v. Emerson Process Mgmt. Power & Water Solutions, Inc.*, 598 F. Supp. 842, 845 (N.D. Ill. 2009) (citing *Info. Tech Innovation, LLC v. Motorola, Inc.*, 391 F. Supp. 2d 719, 724 (N.D. Ill. 2005)).

In *Constant Compliance*, the court specifically held:

> Emerson waived the right to propose constructions of the Disputed Terms by failing to propose constructions at the proper time.  To hold otherwise would eviscerate the purpose of the order by disadvantaging Plaintiff and advantaging Emerson.

598 F. Supp. at 845 (internal citation omitted).  In that case, as here, the court issued a scheduling order requiring the parties to simultaneously submit proposed claim constructions.

*Id*. at 843.  Plaintiff complied and sent its proposed constructions to defendant as to the disputed terms.  *Id*.  Defendant, meanwhile, did not offer any proposed constructions at the time required by the court's scheduling order.  *Id*.  Two weeks later, defendant provided proposed claim constructions.  *Id*.  The court granted plaintiff's motion to bar defendant from proposing constructions, and the court adopted plaintiff's proposed constructions as to the disputed terms of which defendant had notice.  *Id*. at 846-48.

Such an approach is consistent with Sixth Circuit practice.  "Waiver is the intentional relinquishment or abandonment of a known right."  *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 905 (6th Cir. 2006).  A waiver may be either explicit or implicit.  *Id.* ("By choosing not to respond . . . when he was aware of his right to respond, appellant intentionally abandoned his right to respond.").  A party waives an argument if it is not raised at the proper time.  *See Clarksville-Montgomery County School Sys. v. U.S. Gypsum Co.*, 925 F.2d 993, 998 (6th Cir. 1991) (district court did not abuse discretion in finding plaintiff waived objection to admission of videotaped deposition at trial where plaintiff failed to timely object pursuant to scheduling order).

Consistent with these principles, 3M requests that the Court fashion its remedy for Donnelly's contempt by barring Donnelly from relying on its proposed constructions and striking Donnelly's claim construction brief to the extent it relies on these proposed constructions and evidence.  To the extent the Court is not inclined to grant this request, 3M requests that it have at least one week after the Court's order in this motion to submit its responsive claim construction brief if such order should come less than a week before the current March 1 deadline.

12

Dated: February 14, 2012                    Respectfully submitted,

                                            */s/Aaron M. Staser* _____

                                            BARNES & THORNBURG LLP
                                            Felicia J. Boyd
                                            225 South Sixth Street, Suite 2800
                                            Minneapolis, MN 55402
                                            Telephone:  (612) 333-2111
                                            fboyd@btlaw.com

                                            Donald E. Knebel
                                            Deborah Pollack-Milgate
                                            Aaron M. Staser
                                            Michael R. Brunelle
                                            11 South Meridian Street
                                            Indianapolis, IN 46204-3535
                                            Telephone: (317) 236-1313
                                            dknebel@btlaw.com
                                            dpollackmilgate@btlaw.com
                                            astaser@btlaw.com
                                            mbrunelle@btlaw.com

                                            JAFFE, RAITT, HEUER & WEISS PC
                                            Jeffrey G. Heuer (P14925)
                                            Peter M. Falkenstein (P61375)
                                            27777 Franklin Road, Suite 2500
                                            Southfield, MI  48034
                                            Telephone:  (248) 351-3000
                                            jheuer@jaffelaw.com
                                            pfalkenstein@jaffelaw.com

                                            *Attorneys for Defendant 3M Company*

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/Aaron M. Staser*