UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAGNA MIRRORS OF AMERICA, INC.,

    Plaintiff and Counter-Defendant,

vs                                                 Case No: 07-10688
                                                   Honorable Victoria A. Roberts

3M COMPANY,

    Defendant and Counter-Plaintiff,
_____/

**ORDER DENYING 3M'S MOTION TO DISMISS**

**I.    INTRODUCTION**

On December 7, 2012 Defendant 3M Company (3M) filed a motion to dismiss the Second Amended Complaint filed by Magna Mirrors of America (Magna), for failure to state a claim. 3M claims that in this direct patent infringement case, Magna failed to identify the particular product 3M produces which Magna says infringes on Magna's patent, described as the "Interior Rear View Mirror Mounting System Utilizing One-Package Structural Adhesive." 3M says the Complaint does not give it sufficient notice concerning the products it is supposed to defend.

The Court **DENIES** 3M's motion; Magna pled enough details and facts to give 3M sufficient notice. Also, the Court **DENIES** Magna's request for sanctions; 3M's motion was reasonable and not filed in bad faith.

## II.  BACKGROUND AND PROCEDURAL HISTORY

On February 15, 2007 Magna filed a complaint against 3M alleging patent infringement of Patent No. 5,587,236 ('236 Patent) in violation of 35 U.S.C. § 101 and 271. Patent '236 entitled, "Interior Rear View Mirror Mounting System Utilizing One-Package Structural Adhesive," is a device and method which uses adhesives to fasten a mounting button for the rearview mirror onto the interior of a car windshield. On November 20, 2012 Magna filed a Second Amended Complaint providing more factual details. 3M's response was a Rule 12(b)(6) motion to dismiss. 3M says that for Magna's complaint to withstand dismissal, Magna must identify a product. Magna responds that its complaint follows Form 18, a model complaint to plead direct patent infringement which is located in the Federal Rules of Civil Procedure Appendix; Magna says more specificity is not required. Furthermore, Magna requests sanctions for having to reply to 3M's motion.

## III.  ANALYSIS

### A.  Standard of Review

The Federal Circuit applies the law of the regional circuit when deciding procedural matters. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355 (Fed.Cir.2007). When a complaint is challenged for failure to state a claim, a court must construe the complaint "in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Albrecht v. Treon,* 617 F.3d 890, 893 (6th Cir. 2010). Moreover, the Sixth Circuit noted when "determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters

2

of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir.2001).

In general, a complaint requires "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, as a result of *Twombly*, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

The Federal Circuit holds that a complaint such as this one should be evaluated under the requirements of Form 18 in the Federal Rules of Civil Procedure Appendix. *In re Bill of Lading Transmission and System Patent Litigation*, 681 F.3d 1323, 1334 (2012). The court reasoned that *Twombly* applies mainly to civil complaints in which there is no sample complaint provided in the Appendix of Forms in the Federal Rules of Civil Procedure. *Id*. Thus, the Federal Circuit concluded that pleadings modeled under a form contained in the Federal Rules of Civil Procedure Appendix satisfy the pleading standard. The court justified this conclusion by relying on Rule 84 and its Advisory Committee Notes:

> The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate… The amendment serves to emphasize that the forms contained in the Appendix of Forms are sufficient to withstand attack under the rules under which they are drawn, and that the practitioner using them may rely on them to that extent. *Id.*

Furthermore, the Federal Circuit examined Supreme Court jurisprudence and stated, "as the Supreme Court noted, moreover, any changes to the Federal Rules of Civil Procedure 'must be obtained by the process of amending the federal Rules, and not by judicial interpretation.'" *Id.* (quoting) *Leatherman v. Tarrant Cnty. Narcotics*

3

*Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993). *See also, Twombly*, 550 U.S. at 569 n. 14. Thus, this Court will use Form 18 as a guidepost to determine the sufficiency of Magna's complaint; however, the Court will still conduct a plausibility analysis of Magna's complaint.

    **B.    To plead direct patent infringement a complainant need not specifically identify the exact product or claim elements which triggers the infringement – a general description suffices.**

While the description of the product cannot be too vague, a general description of the infringing product will suffice to give proper notice to the defendant. As the Eastern District Court in Texas noted, "[w]hile the Court has dismissed some complaints because the description of the infringement was too vague, it has not required a specific identification of accused products." *Realtime Data, LLC v. Stanley*, 721 F. Supp. 2d 538, 539 (E.D. Tex. 2010).

Courts look to Form 18 as an illustration of an adequate description of an infringing product. Form 18 uses the term "electric motors" as a suitable example of an accused product description. Fed.R.Civ.P. Form 18. The Eastern District of Texas noted, "Form 18 contains a broad description of the patents subject matter and the accused products: 'electric motors'; it does not identify specific model numbers or names of accused products." *Traffic Information, LLC v. YAHOO! Inc., et al,* 2010 WL 2545500, at *2 (E.D. Tex. Apr. 13, 2010). Thus, to comply under Form 18, a complaint for direct patent infringement needs to identify the type of product with enough detail to give the defendant notice as to which product it must defend.

Moreover, a complaint modeled under Form 18 does not need to plead each specific element of an asserted claim. The Federal Circuit noted in *In re Bill of Lading*, "[a]s we held in *McZeal*, Form 18 and the Federal Rules of Civil Procedure do not require a plaintiff to plead facts establishing that each element of an asserted claim is met. Indeed, a plaintiff need not even identify each element as to the manner in which a product is being infringed." *In re Bill of Lading,* 681 F.3d at 1335. Form 18 gives a complainant leeway when pleading direct patent infringement. See also, *Creagri, Inc. v. Pinnaclife Inc.*, 2013 U.S. Dist. Lexis 427 at *6-7 (N.D. Cal. Jan. 1, 2013) (holding that a direct patent infringement claim based on a patented method does not need to allege each step of the method that is being infringed). The Eastern District of Texas held, "Form 18 does not set a high bar for what must be alleged." *Realtime Data LLC,* 721 F.Supp.2d at 543.

3M says there are two fatal flaws with Magna's Second Amended Complaint which warrant dismissal under 12(b)(6). First, 3M alleges Magna failed to identify a 3M product that infringes upon Magna's '236 Patent, described as the "Interior Rear View Mirror Mounting System Utilizing One Package Structural Adhesive" in the first sentence of Pargraph 9 of Magna's Second Amended Complaint. Second, 3M alleges Magna failed to identify the elements or manner in which 3M infringes on the '236 Patent.

The specificity that 3M demands is not required. Paragraph 9 of Magna's Second Amended Complaint alleges:

> 9. 3M has, upon information and belief, in the past been and still is infringing the '236 Patent [Interior Rear View Mirror Mounting System Utilizing One Package Structural Adhesive] by making, importing, exporting, using, selling, and/or offering for sale in and to the United States products and components embodying the patented inventions of the '236 Patent. *Interior rearview mirror mounting systems* used in the United States include *structural bonding tapes (hereafter SBT)* sold under the designation 9214, 9263, and

5

> 9270 by 3M. 3M applies its *SBT mirror mounting buttons* either directly or indirectly, *and the mirror mounting buttons with SBT applied are sold to automotive windshield manufacturers*… with instructions on and with intention for bonding the aforementioned mirror mounting buttons to windshields in a manner infringing on the '236 Patent… In conjunction with such sales, upon information and belief, 3M has participated, directly or indirectly, in the validation of its SBT *to adhere mirror mounting buttons to windshields*. 3M has performed numerous *tests related to bonding the mirror buttons with 3M's SBT to glass for supporting interior rear view mirrors. Such participation and use by 3M directly infringes the '236 patent.*

(Doc.156 at 3) (emphasis added). Paragraph 9 generally describes the allegedly infringing items and activities. Magna alleges that 3M uses an interior rearview mounting system that uses structural bonding tapes attached to mirror mounting buttons. A complaint for direct product infringement need not include the name and product model number of the infringing item. *Realtime Data LLC*, 721 F.Supp.2d at 539. While the first sentence of Paragraph 9 does not identify a particular infringing product of 3M, the remainder of Paragraph 9 gives sufficient detail and descriptions of the type of product which allegedly infringe on the '236 Patent. 3M should be able to glean from the pleadings that it is supposed to defend against: a claim that 3M created an interior rearview mirror mounting system which uses structural bonding tapes attached to mirror mounting buttons, and which infringes on Magna's '236 Patent, the "Interior Rear View Mirror Mounting System Utilizing One Package Structural Adhesive."

Furthermore, Magna identified how 3M uses its products in a manner that directly infringes on the '236 Patent: Paragraph 9 alleges that 3M uses and conducts tests involving the interior rearview mirror mounting system, structural bonding tapes, and mirror mounting buttons. In the same paragraph, 3M alleges that Magna provides its customers with instructions on how to use the alleged infringing rearview mirror mounting system.

This goes beyond what the Federal Circuit requires for Form 18. The Court finds that Magna gave enough detail to identify what and how 3M allegedly infringes on the '236 Patent to give 3M sufficient notice.

### C. A court should examine the context and other relevant information to determine the sufficiency of a product description in a complaint for direct patent infringement.

Aside from the description itself, courts look at the context of the description to determine if it sufficiently gives a defendant notice of the product it is supposed to defend. A court may also consider other relevant court documents when deciding a Rule 12(b)(6) motion. *Amini,* 259 F.3d at 502. The Eastern District of Texas emphasized a contextual analysis of the product description to determine its sufficiency when ruling on a Rule 12(b)(6) motion, stating that "[t]he Court examines the description of the accused systems or devices in context to determine whether the description is sufficient." *Realtime Data LLC*, 721 F.Supp.2d at 539. The Eastern District of Texas even referenced the name of the patent to glean identity of the accused product. *Traffic Information, LLC v. YAHOO! INC., et al.,* 2010 WL 2545500 at *2 (E.D. Texas 2010). Thus, a court is required to place the product description in context with the allegations and other pertinent facts and documents to determine if the description adequately identifies the accused product.

3M alleges that the first sentence of Paragraph 9 in Magna's complaint fails to identify a 3M product that infringes on the '236 Patent. However, 3M must read Paragraph 9 in its entirety, to get that type of product identification. The same paragraph alleges how 3M creates the interior rearview mounting system and components. Reading the paragraph in its entirety – and the context in which the description of 3M's infringing acts are alleged

– the Court concludes that Magna's complaint gives sufficient notice to 3M of the accused product.

Additionally, the court record and exhibits to the complaint demonstrate which products 3M produces which are the source of controversy. In Magna's first Complaint, Paragraph 10 accuses 3M of infringement by producing and selling an "interior rearview mirror mounting system that embodies the '236 Patent." (Doc. 1 at 3). In the Second Amended Complaint, Magna includes more details concerning 3M's alleged infringing activities, and again alleges that 3M infringes upon the '236 Patent by producing interior rearview mounting systems which use structural bonding tapes and mirror mounting buttons. Furthermore, Exhibit B to Magna's Second Amended Complaint includes a link to a page entitled "3M™ Mirror Buttons with 3M™ Structural Bonding Tape," on the 3M website. This web page includes a product description by 3M which states, "3M™ Mirror Buttons with 3M™ Structural Bonding Tape used to securely attach rear-view mirrors to the windshield. [It is] [a]pplied at the glass tier and cured using the current autoclave process." Hence, Magna did not simply allege that 3M infringed on the '236 Patent by producing various "products and components;" Magna included an example of the types of products that are allegedly infringing.

Moreover, one needs to simply compare the name of the patent to what is alleged in the complaint to glean the identity of the products and methods at issue. Common sense suggests that the product that is the source of the controversy concerns an interior rear view mirror mounting system that includes an adhesive or, structural bonding tape, and a rear view mirror mounting component such as, a mirror mounting button. This is exactly what is alleged in Complaint.

The name of Magna's patent and the description of the product and infringing conduct give 3M sufficient notice of what it is supposed to defend.

> **D.   Although not required according to the Federal Circuit, this Court has evaluated and determined that Magna's complaint is plausible under *Twombly* and *Iqbal*.**

A complaint must be plausible to survive a motion to dismiss. *Ashcroft*, 556 U.S. at 678. A complaint is plausible if "the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged… A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" *Id*. Thus, to determine the plausibility of Magna's complaint, the Court can consider the factual matter that Magna alleges and various other factors to determine if the complaint enumerates more than mere conclusory statements alleging a wrong.

This is a plausible complaint. Magna provides sufficient detail on how 3M uses and produces products that allegedly infringe on the '236 Patent. Magna identifies specific facts, such as a list of alleged 3M customers. Magna identifies specific components, such as the model numbers of structural bonding tapes. Moreover, Exhibit B to Magna's Second Amended Complaint provides the Court with a primary example of the content of the product at issue.

> **E.   The Court will not award sanctions.**

It is troubling that 3M did not file this motion sooner; as demonstrated by Magna, 3M had ample time to challenge the sufficiency of Magna's pleadings earlier. However, 3M's tardiness is not dispositive on the issue of sanctions.

Sanctions are mainly awarded to punish party litigants for bad faith and vexatious behavior. *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997). The Court cannot conclude that 3M was motivated by ill will in filing this motion. Discovery has occurred and it is reasonable to expect that by now Magna could provide a more definite identification of the accused infringing products. In fact, in bringing this motion, 3M relies upon various cases which raised the same issue.

3M did have grounds and reason to believe that this type of motion was reasonable. The Court denies Magna's request to grant sanctions.

### IV.   CONCLUSION

3M's Rule 12(b)(6) motion is **DENIED**.

**IT IS ORDERED.**

                                             /s/ Victoria A. Roberts
                                            Victoria A. Roberts
                                            United States District Judge

Dated: February 20, 2013

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on February 20, 2013.

s/Linda Vertriest
Deputy Clerk

---